UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES AYOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 6750 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| DUPAGE MEDICAL, NURSE JANE DOE 1, | ) | |
| NURSE JANE DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies DuPage County Sheriff John E. Zaruba's motion to dismiss [40]. The Court dismisses DuPage Medical as a Defendant. The Clerk is directed to add DuPage County Sheriff John E. Zaruba as a nominal Defendant for the sole purpose of identifying Nurse Jane Doe 1 and Nurse Jane Doe 2. See statement for further details.

## STATEMENT

In this case, one of a number of cases Plaintiff James Ayot has filed over the past two years in this district, Ayot complains that Defendants DuPage Medical and Nurse Jane Doe 1 and Nurse Jane Doe 2 acted with deliberate indifference to his medical needs in August 2017 while he served a thirty-day sentence at the DuPage Jail (the "Jail").[1] He alleges that, when he arrived at the Jail, he informed the DuPage Medical staff that he required a special diet, but Nurse Jane Doe 1 ignored his needs and told him he would eat what the Jail served. Ayot claims that his blood pressure increased, requiring emergency medication, and that he could not eat the food served at the Jail. When he filled out a request form to see a doctor, he was instead seen by Nurse Jane Doe 2, who also ignored his need for a special diet and his request to see a dentist. To avoid elevating his risk of stroke or heart attack, Ayot went on a thirteen-day hunger strike, which ended only after a sergeant ordered the DuPage Medical staff and Jail kitchen to change his diet. Ayot also complains of filthy living conditions, including not being allowed to take a shower for fifteen days.

The DuPage County Sheriff John E. Zaruba (the "Sheriff") filed a motion to dismiss the complaint, arguing that Ayot has not stated a constitutional or state law negligence claim against

---

[1] Ayot titles his complaint as one for "medical and criminal negligence," Doc. 10 at 1, but he makes clear in his response that his claims are federal constitutional claims, and not state claims, and so the Court construes them as ones for deliberate indifference in violation of the Eighth Amendment.

the Sheriff and that Ayot has not exhausted his administrative remedies.[2] Ayot, however, has not named the Sheriff as a defendant in the suit, and therefore the Court denies the Sheriff's motion. As currently pleaded, no federal claims exist against the Sheriff in his individual capacity, where Ayot does not mention the Sheriff or suggest in any way his personal involvement in any of the alleged conduct. *See Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." (citation omitted) (internal quotation marks omitted)). Ayot also makes clear in his response that he is not asserting any state law negligence claims. And the Court cannot conclude from even an extremely generous reading of Ayot's complaint that he has asserted a *Monell* claim against the Sheriff for unconstitutional conditions of confinement, particularly where the Sheriff is not named as a defendant in the suit. If Ayot wishes to pursue a *Monell* claim against the Sheriff, he must amend his complaint, adding the Sheriff as a defendant and more clearly laying out the policy or practice that caused him constitutional injury. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately allege a *Monell* policy or practice claim, a plaintiff must "plead [ ] factual content that allows the Court to draw the reasonable inference that the [Sheriff's Office] maintained a policy, custom, or practice" that contributed to the alleged violation (citation omitted) (internal quotation marks omitted)).

Separately, based on the Court's own review of the complaint, Ayot appears to be trying to sue the Jail's medical staff by naming DuPage Medical as a defendant. But DuPage Medical and the DuPage Jail are not independently suable entities. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). The Court therefore dismisses DuPage Medical as a defendant.

As the complaint stands, then, Ayot cannot obtain any damages unless he serves the Jane Doe defendants (or obtains a waiver of service) in accordance with Federal Rule of Civil Procedure 4. Ayot therefore must determine the Jane Doe nurses' actual names. The Court adds the Sheriff as a nominal Defendant for the sole purpose of assisting Ayot in identifying the Jane Doe nurses. As counsel has already entered an appearance on the Sheriff's behalf, Ayot may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the individuals who allegedly violated Ayot's constitutional rights. *See* Fed. R. Civ. P. 33. After Ayot learns the Jane Doe nurses' identities, he may submit an amended complaint identifying the nurses by name so they can be served. Ayot is advised that there is a two-year statute of limitations for § 1983 actions in Illinois. *See*, *e.g.*, *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011). Thus, Ayot should promptly attempt to name the Jane Doe nurses.

---

[2] The Sheriff's argument that Ayot did not exhaust his administrative remedies with respect to the claims he raises in his complaint does not apply in this case. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). But the PLRA's administrative exhaustion requirement does not apply to Ayot, who was no longer incarcerated when he filed this complaint. *See Lewis v. Stamper*, No. 14-cv-446-wmc, 2017 WL 5633172, at *2 (W.D. Wis. Nov. 21, 2017) (collecting cases that stand for the principle that the PLRA does not apply to plaintiffs who are released from prison at the time they file suit); *Campos v. Kramer*, No. 14 CV 01102, 2015 WL 4945134, at *2 (N.D. Ill. Aug. 19, 2015) (because plaintiff was no longer a prisoner under the PLRA when he filed suit, he was not subject to the PLRA's exhaustion requirement).

Nothing in this order precludes any legal argument that the Jane Doe nurses may advance in response to Ayot's allegations.


Date: May 2, 2018                                              /s/Sara L. Ellis_____